## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, individually and on behalf of all others similarly situated, | : : : : | CIVIL DIVISION |
| | : | No. |
| Plaintiff, | : : | |
| v. | : : | |
| SCRANTON QUINCY HOSPITAL COMPANY, LLC, SCRANTON HOSPITAL COMPANY, LLC, and WILKES-BARRE HOSPITAL COMPANY, LLC, collectively d/b/a/ COMMONWEALTH HEALTH, | : : : : : : | |
| Defendants. | : : | |

<u>**NOTICE OF REMOVAL OF SCRANTON QUINCY HOSPITAL COMPANY, LLC, SCRANTON HOSPITAL COMPANY, LLC, AND WILKES-BARRE HOSPITAL COMPANY, LLC, IMPROPERLY IDENTIFIED AS "COLLECTIVELY DOING BUSINESS AS COMMONWEALTH HEALTH"**</u>

**PLEASE TAKE NOTICE** that Defendants, Scranton Quincy Hospital Company, LLC, Scranton Hospital Company, LLC, and Wilkes-Barre Hospital Company, LLC, by and through their undersigned counsel (collectively "Defendants"), respectfully remove to this Court the state court action described below. Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a) and (b), and 1453, because this is a putative class action between citizens of different states with more than 100 putative class members that seeks to

recover more than $5,000,000. Removal is also proper under 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, for the named plaintiff, Jane Doe ("Plaintiff").

## INTRODUCTION

1.     Plaintiff filed the class action complaint on January 23, 2023, captioned *Doe v. Scranton Quincy Hospital Company LLC, et al.*, Docket No. 23-CV-238, in the Court of Common Pleas of Lackawanna County, Pennsylvania (the "Complaint"). Plaintiff served the Complaint on Scranton Hospital Company, LLC, and Scranton Quincy Hospital Company, LLC on February 1, 2023. Plaintiff served the Complaint on Wilkes-Barre Hospital, LLC on February 15, 2023.

2.     The Complaint erroneously alleges that Defendants are Pennsylvania limited liability companies ("LLC") with principal places of business in Pennsylvania.[1] *See* Complaint ¶¶ 7-9, attached as **Exhibit A**[2] to this Notice of Removal.

3.     The Complaint alleges that this case arises from "[Defendants'] systematic violation of the medical privacy rights of its patients, exposing highly

---

[1] As set forth more fully below, this allegation is not accurate. In fact, Defendants are Delaware limited liability companies with principal places of business in Tennessee. *See* Declaration of Russell S. Baldwin ("Baldwin Dec.") at ¶ 4, attached as **Exhibit D** to this Notice of Removal.

[2] A copy of the Complaint filed and served by Plaintiff appears to be misnumbered beginning with ¶ 110.

sensitive personal information to third parties without those patients' knowledge or consent." *Id.* ¶ 1.

4. The Complaint alleges that Defendants "disclosed information about [their] patients…to Facebook." *Id.* ¶ 3.

5. The Complaint alleges that Defendants disclose "personal health information through the deployment of various digital marketing and automatic rerouting tools embedded on [their] websites." *Id.* ¶ 4.

6. The Complaint alleges the following causes of action:

   a. Violation of Wiretapping and Electronic Surveillance Control Act (WESCA) under 18 Pa. C.S. § 5701 *et seq*. *Id.* ¶¶ 193-207.

   b. Invasion of Privacy—Intrusion Upon Seclusion under 28 Pa. Code § 115.27 and 49 Pa. Code § 16.61. *Id.* ¶¶ 208-233.

   c. Breach of Duty of Confidentiality under *Haddad v. Gopal*, 2001 PA Super 317, ¶ 5, 787 A.2d 975, 981 (Pa. Super. Ct. 2001). *Id.* ¶¶ 234-240.

   d. Unjust Enrichment. *Id.* ¶¶ 241-248.

   e. Breach of the Duty to Protect Electronic Data. *Id.* ¶¶ 249-258.

7. Plaintiff seeks to represent the following class:

   a. All current Pennsylvania citizens who are, or were, patients of Defendants, or any of its affiliates and who exchanged

3

> communications at Defendants' websites, including
> www.commonwelathhealth.net, and any other Defendants'
> affiliated websites

*Id.* ¶ 180.

8.     Plaintiff alleges that, this class "consists of thousands of people." *Id.* ¶ 184

9.     The Complaint alleges that Plaintiff is a Pennsylvania citizen residing in Lackawanna County, Pennsylvania and has been a patient of Defendants Scranton Quincy Hospital Company, LLC, and Scranton Hospital Company, LLC. *Id.* ¶ 11.

10.    Plaintiff seeks injunctive and other equitable relief. *Id.* page 63, Prayer for Relief subsection "d."

11.    Plaintiff seeks statutory damages of, "$1,000 per violation" under the Wiretapping and Electronic Surveillance Control Act. *Id.* ¶ 6; *id.* p. 63, Prayer for Relief subsection "e."

12.    Plaintiff seeks an imposition of a constructive trust against Defendants through which Plaintiff can be compensated for alleged unjust enrichment. *Id.* p. 64, Prayer for Relief subsection "f."

13.    Plaintiff seeks damages for violations of Plaintiff's and the Class Members' right to privacy. *Id.* p. 64, Prayer for Relief subsection "g."

14.    Plaintiff seeks "statutory, actual, compensatory, consequential, punitive, and nominal damages, as well as restitution and/or disgorgement of profits unlawfully obtained." *Id.* p. 64, Prayer for Relief subsection "h."

15.    Plaintiff seeks compensatory damages and "pre-judgment and post-judgment interest as provided by law," as well as "reasonable attorney's fees, costs, and expenses." *Id.* p. 64, Prayer for Relief subsection "i." and "j."

16.    Plaintiff seeks these damages on behalf of herself and the putative class. *Id.* ¶¶ 194, 209, 235, 242, 250.

## REMOVAL IS TIMELY

17.    Plaintiff initiated this action by filing the Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania on January 23, 2023. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

18.    Upon information and belief, the documents attached as **Exhibit A** constitute all of the pleadings, process, and orders, which were filed in connection with the state court action.

19.    Plaintiff served Scranton Hospital Company, LLC and Scranton Quincy Hospital Company, LLC with the Complaint on February 1, 2023. **Exhibit B** (Sherriff's Return).

20.    Defendants are required to file their notice of removal within thirty days of formal service, which is March 3, 2023 (for the earliest-served Defendant). *See*

28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) ("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons.").

21.    Removal is timely because Defendants filed this Notice of Removal on February 22, 2023.

**ALL REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

22.    "CAFA provides federal courts with jurisdiction over civil class actions if the 'matter in controversy exceeds the sum or value of $5,000,000,' the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B)).

**A.    Class Action.**

23.    This lawsuit is an alleged class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. § 1332(d)(1)(B).

24.    Plaintiff titles her Complaint a "Class Action Complaint" and expressly seeks certification of a class of Pennsylvania citizens.  *See* Compl. ¶¶ 1, 180.  As such, this action is brought on behalf of a class as defined by CAFA.

**B.    CAFA Applies to this Action.**

25.    CAFA applies to actions "commenced" on or after its effective date, February 18, 2005.  This action was originally filed on January 23, 2023.  Therefore, CAFA applies.

**C.    Diversity of Citizenship**.

26.    Plaintiff Doe is an individual residing in Lackawanna County, Pennsylvania.  Compl. ¶ 11.

27.    Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.  *See also supra* ¶ 7.

28.     "Commonwealth Health" is a trade name; it does not exist and is not a legal or corporate entity capable of being served or sued.[3]  Baldwin Dec. ¶ 26.

29.    Defendants maintained the website at issue in this matter.

30.    Defendants are not incorporated in Pennsylvania, nor do Defendants have any principal places of business in Pennsylvania.  Baldwin Dec. ¶ 3.

---

[3] *See Saccomandi v. Delta Airlines Inc.*, No. CIV. A. 08-1434, 2008 WL 2805613, at *3 (E.D. Pa. July 22, 2008) (denying plaintiff's Motion to Remand because certain entities named in her complaint could not consent to removal because those entities did not exist, were never served with the complaint, and were not represented by counsel).

31.    Rather, Defendants are Delaware limited liability companies ("LLC") organized under the laws of Delaware with principal places of business in Tennessee, each with an address of 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 4.

32.    Under CAFA, an unincorporated association, such as a limited liability company, is deemed a citizen of the State where it has its principal place of business and the State under whose laws it is organized.  *See* 28 U.S.C. § 1332(d)(10).

33.    At the time this lawsuit was filed and as of the date of this Notice of Removal, the named Plaintiff and Defendants are citizens of different states, satisfying the diversity requirement of 28 U.S.C. § 1332(d)(10) because Plaintiff is a Pennsylvania citizen while Scranton Quincy Hospital Company, Scranton Hospital Company, and Wilkes-Barre Hospital Company are Delaware LLCs with principal places of business in Tennessee—thus making Defendants citizens of Delaware and Tennessee.

**D.    Number of Proposed Class Members.**

34.    Plaintiff alleges that this class "consists of thousands of people." *See supra* ¶ 8.

35.    Based on Plaintiff's usage of the word "thousands," the requirements of 28 U.S.C. § 1332(d)(5) are met because Plaintiff alleges that the number of members of the proposed class here is at least 2,000 class members.

E.    **Amount in Controversy.**[4]

36.    Pursuant to CAFA, in any class action, a federal district court shall have original jurisdiction over a putative class action where the claims of the individual class members, when aggregated, exceed the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

37.    Plaintiff alleges that her "claims are typical of the claims of other Class Members and have substantially the same interest in this matter as other Class Members." Compl. ¶ 188.

38.    Plaintiff seeks judgement of "in excess of $1 million" for each of the five counts.  Compl. ¶¶ 207, 233, 240, 248, 258 (copying the same "in excess of $1 million" language for each individual count).

39.     Therefore, Plaintiff's own allegations establish that the amount in controversy meets the $5 million jurisdictional requirement.

**(1.)    Statutory Damages.**

40.    As above, Plaintiff alleges that her claims are typical of the class.  *See supra* ¶ 38.  As such, Plaintiff alleges that she and the class are entitled to statutory damages under 18 Pa.C.S. § 5725(a)(1).  Compl. ¶¶ 6, 205(a).

---

[4] Defendants dispute that they are liable to Plaintiff or the putative class for any alleged injury or incurred damages in any amount whatsoever, or that the class is certifiable. The amount-in-controversy assertions made herein by Defendants are relevant only to the amount-in-controversy calculations under 28 U.S.C. § 1332 and CAFA.

41.    Plaintiff incorrectly asserts that she and the putative class are entitled to recover "statutory damages in the amount of $1,000 per violation" under Pennsylvania's Wiretapping and Surveillance Control Act. *See* Compl. ¶ 6.

42.    Rather, under 18 Pa.C.S. §5725(a)(1), a plaintiff may recover "[a]ctual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1000, whichever is higher."

43.    Statutory damages are properly included in the amount in controversy calculation under CAFA. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396 (3d Cir. 2016).

44.    However, the exact amount in statutory damages is indeterminable because: (1) Plaintiff herself is anonymous; (2) Plaintiff did not plead what constitutes an alleged violation by Defendants under 18 Pa.C.S. § 5725(a); and (3) the exact number of alleged violations per class member is unknown. Compl. ¶¶ 193-207.

45.    Further, the amount in controversy is measured by a reasonable reading of the value of the rights being litigated because Plaintiff did not specify an amount in controversy regarding the statutory damages. Compl. ¶¶ 193-207; *see Lingo v. BHI Energy Power Servs.*, No. CV 3:22-1275, 2022 WL 17627815, at *1 (M.D. Pa. Dec. 13, 2022) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)) ("Considering all the evidence, the court measures the amount in controversy by a

reasonable reading of the value of the rights being litigated.").

46.    According to the Complaint, "the Class…consists of thousands of people…," which is objectively at least 2,000 class members. *See supra* ¶ 8.

47.    Under Plaintiff's theory that she is typical of the putative class, each allegedly typical class member would be entitled to recover approximately "$100 a day for each day of violation, or $1,000, whichever is higher" in statutory damages. Multiplying this number over the minimum of 2,000 class members identified above results in alleged damages of $2,000,000 for Plaintiff's statutory claim.

**(2.)    Attorney's Fees.**

48.    As above, Plaintiff alleges that her claims are typical of the class. *See supra* ¶ 38. As such, Plaintiff alleges that she and the class seek and are entitled to attorney's fees. Compl. ¶¶ 6, 207, 233, 240, 248, 258.

49.    Attorney's fees are properly included in the amount in controversy calculation under CAFA. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (noting the Federal Judicial Center's median figure of 27 to 30% fee recovery in class actions).

50.    Thirty percent of the minimum claimed statutory damages ($2,000,000) is an additional $600,000.

**(3.)    Compensatory Damages.**

51.    As above, Plaintiff alleges that her claims are typical of the class.  *See supra* ¶ 38.    As such, Plaintiff alleges that she and the class are entitled to compensatory damages for "harm to [their] privacy interest[s]."  Compl. ¶ 231.

52.    Compensatory damages are properly included in the amount in controversy calculation under CAFA.  *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

53.    Plaintiff does not plead the value of a "harm to privacy interest."  *See* Compl. ¶¶ 208-233.

54.    The amount in controversy is measured by a reasonable reading of the value of the rights being litigated because Plaintiff did not specify nor plead the value of a "harm to privacy interest."  Compl. ¶¶ 208-233; *see Lingo*, 2022 WL 17627815, at *3.

55.    According to the Complaint, Facebook values of the average American's *data* at $164 in 2020.  Compl. ¶ 130 (emphasis added).

56.    Under Plaintiff's theory that she is typical of the putative class, each allegedly typical class member would be entitled to recover compensatory damages of at least $164 of disgorged profits from Facebook.  Multiplying this number over the potential 2,000 class members identified above adds to the amount in controversy

of compensatory damages alone to $1,639,836 per year ($164 x 2,000 = $1,639,836).

### (4.)   Punitive Damages.

57.    Plaintiff alleges that her "claims are typical of the claims of other Class Members and have substantially the same interest in this matter as other Class Members." *See supra* ¶ 38.  As such, Plaintiff alleges that she and the class seek and are entitled to punitive damages.  Compl. ¶ 205, 207, 232-233, 240, 248, 258.

58.    Punitive damages are properly included in the amount in controversy calculation under CAFA.  *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *see also Huber v. Taylor*, 532 F.3d 237, 244–45 (3d Cir. 2008) (explaining that claims for punitive damages may be aggregated with claims for compensatory damages for each plaintiff).  "The amount of punitive damages rests largely in the discretion of the jury." *Huber*, 532 F.3d at 244–45 (citing *Lesikar v. Rappeport*, 33 S.W.3d 282, 315 (Tex.App.2000)).

59.    Under Plaintiff's theory that she is typical of the putative class, each allegedly typical class member would be entitled to recover punitive damages as determined by a jury.  Using any typical multiplier for punitive damages would surely bring the amount in controversy in excess of $5,000,000, above CAFA's amount in controversy requirement.

60.    Therefore, under Plaintiff's allegations, the $5,000,000 amount in controversy requirement is met.

## THE EXCEPTIONS UNDER CAFA DO NOT APPLY

61.    The exceptions under CAFA do not apply because Defendants are foreign entities, not Pennsylvania citizens. *See supra* ¶¶ 27-34; *see* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (local controversy exception requires at least one defendant to be a citizen of the State in which the action was filed); 28 U.S.C. § 1332(d)(4)(B) (home state controversy exception has the same requirement); 28 U.S.C. § 1332(d)(3) (discretionary exception also requires primary defendants to be citizens of the State in which the action was filed).

## THE REQUIREMENTS OF TRADITIONAL DIVERSITY ARE SATISFIED

62.    To establish traditional diversity, a defendant must establish diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); *see McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (explaining traditional diversity rules). Both are established here.

**A.    Diversity of Citizenship.**

63.    The citizenship of an LLC is determined by the citizenship of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Both at the time Plaintiff initiated this action and at the time of this Removal,

Defendants were and are citizens of Delaware and Tennessee because each member of each LLC is a Delaware and Tennessee citizen.

64.    Scranton Quincy Holdings, LLC is the sole member of Defendant Scranton Quincy Hospital Company, LLC.  Baldwin Dec. ¶ 8.

65.    Scranton Quincy Holdings, LLC is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 9.

66.    Scranton Holdings, LLC is the sole member of Defendant Scranton Hospital Company, LLC.  Baldwin Dec. ¶ 10.

67.    Scranton Holdings, LLC is a is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 11.

68.    Tennyson Holdings, LLC is the sole member of Scranton Quincy Holdings, LLC and Scranton Holdings, LLC.  Baldwin Dec. ¶ 12.

69.    Tennyson Holdings, LLC is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 13.

70.    Triad Healthcare LLC is the sole member of Tennyson Holding, LLC. Baldwin Dec. ¶ 14.

71.    Triad Healthcare LLC is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 15.

72.    HMA-TRI Holdings, LLC is the sole member of Triad Healthcare LLC. Baldwin Dec. ¶ 16.

73.    HMA-TRI Holdings, LLC is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 17.

74.    CHS/Community Health Systems, Inc. is the sole member of HMA-TRI Holding, LLC.  Baldwin Dec. ¶ 18.

75.    CHS/Community Health Systems, Inc. is a Delaware corporation, incorporated under the laws of Delaware.  Baldwin Dec. ¶ 19.

76.    Wilkes-Barre Holdings, LLC is the sole member of Defendant, Wilkes-Barre Hospital Company, LLC.  Baldwin Dec. ¶ 20.

77.    Wilkes-Barre Holdings, LLC is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 21.

78.    Community Health Investment Company, LLC is the sole member of Wilkes-Barre Holdings, LLC.  Baldwin Dec. ¶ 22.

79.    Community Health Investment Company, LLC is a Delaware limited liability company, organized under the laws of Delaware, with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.  Baldwin Dec. ¶ 23.

80.    CHS/Community Health Systems, Inc. is the sole member of Community Health Investment Company, LLC.  Baldwin Dec. ¶ 24.

81.    As previously noted, CHS/Community Health Systems, Inc. is incorporated under the laws of Delaware.  *See supra* ¶ 32; Baldwin Dec. ¶ 25.  At the time this lawsuit was filed and as of the date of this Notice of Removal, the named Plaintiff and Defendants are citizens of different states, satisfying the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) because Plaintiff is a Pennsylvania citizen while Defendants are citizens of Delaware.  *See supra* ¶¶ 27-34.

**B.    Amount in Controversy.**[5]

82.    A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Keeler v. Esurance Ins. Servs., Inc.*, No. 21-2449, 2022 WL 10319919, at *1 (3d Cir. Oct. 18, 2022); *see Lingo*, 2022 WL 17627815, at *1.

---

[5] Defendants dispute that they are liable to Plaintiff or the putative class for any alleged injury or incurred damages in any amount whatsoever, or that the class is certifiable. The amount-in-controversy assertions made herein by Defendants are relevant only to the amount-in-controversy calculations under 28 U.S.C. § 1332 and CAFA.

83.     Courts typically determine the amount in controversy by looking at the sum demanded in the complaint. *See* 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).  However, where a plaintiff forgoes specifying a sum, the court determines the amount in controversy based on the amount asserted in the notice of removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee*, 574 U.S. at 84.

84.     Here, Plaintiff did not specify an amount in controversy. *See* Compl. ¶¶ 207, 233, 240, 248, 258 (copying the same "in excess of $1 million" language for each of five individual counts).

85.     The Supreme Court of the United States has held that "a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89 (emphasis added).  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

86.     Considering all the evidence, the court measures the amount in controversy by a reasonable reading of the value of the rights being litigated. *Lingo*, 2022 WL 17627815, at *3 (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

**(1)    Statutory Damages.**

87.    Plaintiff's individual award could exceed the jurisdictional requirement of $75,000 based on a reasonable reading of the value of the statutory damages.

88.    Plaintiff incorrectly asserts that she and the putative class are entitled to recover "statutory damages in the amount of $1,000 per violation" under Pennsylvania's Wiretapping and Surveillance Control Act. *See* Compl. ¶ 6.

89.    Rather, under 18 Pa.C.S. § 5725(a)(1), a plaintiff may recover, "[a]ctual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher."

90.    Such statutory damages are properly included in the amount in controversy calculation. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396 (3d Cir. 2016) (using the statutory measure of damages and trebling to determine whether damages exceeded $75,000).

91.    However, the exact amount in statutory damages is indeterminable because: (1) Plaintiff herself is anonymous; (2) Plaintiff did not plead what constitutes an alleged violation by Defendants under 18 Pa.C.S. § 5725(a); (3) the exact number of alleged violations is unknown. Compl. ¶¶ 193-207.

92.    The amount in controversy is measured by a reasonable reading of the value of the rights being litigated because Plaintiff did not specify an amount in controversy regarding the statutory damages. Compl. ¶¶ 193-207; *see Lingo*, 2022

WL 17627815, at *3.

93.    Here, Plaintiff seeks to recover for alleged violations over "the fullest period allowed by law." Compl. ¶ 180.  The statute of limitation for pursuing a claim under 18 Pa.C.S. § 5725(a) is 2 years.  *See McCulligan v. Pennsylvania State Police*, 123 A.3d 1136, 1140 (Pa. Commw. Ct. 2015), aff'd, 635 Pa. 266, 135 A.3d 580 (2016).

94.    Accordingly, Plaintiff's claims are reasonably read to seek damages amounting to $100 per day, per violation over a period of 2 years.  Compl. ¶¶ 193-207.

95.    Further, multiple violations could have occurred to Plaintiff because she has not specified what constitutes an alleged violation.  For example, Plaintiff did not plead whether each individual GET request (search) or POST command (filling out a form) is a violation, rather than each overall transaction with the website.  Compl. ¶¶ 193-207; *see also* Compl. ¶¶ 25-28.

96.    Assuming each GET request or POST command constitutes an alleged violation, Plaintiff would need only to perform either action and click "Enter" *once* and then wait 2 years to reach approximately 97.3% of the jurisdictional amount in controversy.

97.    Thus, a reasonable reading Plaintiff's Complaint dictates the conclusion that Plaintiff's individual award exceeds the jurisdictional requirement

of $75,000, based on alleged statutory damages alone.

    **(2)**    **Attorneys' Fees.**

    98.    Plaintiff's individual award could exceed the jurisdictional requirement of $75,000 based on attorney's fees.

    99.    Plaintiff pleads entitlement to attorneys' fees.  Compl. ¶¶ 6, 207, 233, 240, 248, 258.

    100.    In calculating the amount in controversy, a court considers attorney's fees necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.  *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), as amended (Feb. 18, 1997).

    101.    Attorneys' fees are an available remedy under 18 Pa.C.S. § 5725(a)(3) ("A reasonable attorney's fee and other litigation costs reasonably incurred").

    102.    Because attorneys' fees are available by statute, Plaintiff's individual award could exceed $75,000 after adding a reasonable fee of approximately 30% to alleged statutory damages.  *Frederico v. Home Depot*, 507 F.3d 188, 199 (3rd Cir. 2007) ((citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3rd Cir. 2005) (noting the Federal Judicial Center's median figure of 27 to 30 percent fee recovery in class actions)).

103.   Thus, Plaintiff's individual award is reasonably expected to exceed the jurisdictional requirement of $75,000 based on attorney's fees and statutory damages.

**(3)   Punitive Damages.**

104.   Plaintiff's individual claim for punitive damages also exceed the jurisdictional requirement of $75,000.  *See Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (stating that claims for punitive damages alone "will generally satisfy the jurisdictional amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum").

105.   Plaintiff pleads entitlement to punitive damages.  Compl. ¶¶ 205, 207, 232, 233, 240, 248, 258.

106.   As such, merely by seeking punitive damages, Plaintiff's individual award could exceed the jurisdictional requirement of $75,000.

107.   In sum, Plaintiff seeks a pro rata entitlement to millions of dollars' worth of statutory damages, punitive damages, and attorney's fees.  These claims would easily be expected to exceed jurisdictional requirement of $75,000.  As such, Plaintiff's individual award likely exceeds the jurisdictional requirement of $75,000.

## THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE
## SATISFIED

108.   Removal is timely under 28 U.S.C. §§ 1446(b) and 1453, because the Complaint in this case is the first pleading, motion, order, or other paper from which it could first be ascertained that this action is one which is or has become removable. The Complaint was served on February 1, 2023, and accordingly removal is timely. In addition, venue is appropriate here because Plaintiff resides in this judicial district, and the alleged acts and omissions giving rise to this action occurred here.  28 U.S.C. § 1391.  Attached as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal in the state court.  Defendants have, therefore, satisfied all the requirements for removal under 28 U.S.C. § 1446 and all other applicable rules.

WHEREFORE, Defendants remove this civil action to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

**BURNS WHITE LLC**

By:_____

Stuart T. O'Neal, III, Esquire (I.D. 89097)
1001 Conshohocken State Road, Suite 1-515
West Conshohocken, PA 19428
Phone: (484) 567-5700
E-mail:  soneal@burnswhite.com
Lyle D. Washowich, Esquire (I.D. 84348)
Burns White Center

48 26th Street
Pittsburgh, PA  15222
Phone: (412) 995-3000
E-mail: ldwashowich@burnswhite.com
*Attorneys for Defendant*
*Scranton Quincy Hospital Company, LLC,*
*Scranton Hospital Company, LLC, Wilkes-*
*Barre Hospital Company, LLC, collectively*
*d/b/a Commonwealth Health*